## HOWARD COUNTY v. PADDOCK.

### IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

Argued January 22d, 1884.—Decided February 4th, 1884.

*Missouri—Municipal Bonds—Municipal Corporation.*

The Louisiana and Missouri Railroad, through Howard County, Missouri, was constructed under authority derived from the original charter granted in 1859, and the power conferred by that act upon the county to subscribe to the capital stock of the railroad company without a vote of the people was not affected by the amendment to the Constitution in 1865. *Callaway County v. Foster*, 93 U. S. 567, affirmed and followed.

*Mr. John D. Stevenson* for plaintiff in error.

*Mr. John H. Overall* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

It was conceded on the argument of this case that under the original charter of the Louisiana and Missouri River Railroad Company granted in 1859, Howard County had authority to subscribe to the capital stock of the company without a vote of the people, and that this authority was not taken away by the Constitution of 1865. The claim is, however, that the amending act of 1868 so changed the original charter as to subject it to the prohibitions of the Constitution as to municipal subscriptions made after that act was passed and accepted by the company. As to this it is sufficient to say that in *County of Callaway v. Foster,* 93 U. S. 567, it was decided otherwise. By the act of 1868 power was given to build a branch through Callaway County, and to extend the road across the Missouri River, but no change was made in the direction of the main line.

That was left to the discretion of the directors, who retained their original authority to build through Howard County on the way to the Missouri. The original authority of Howard County to subscribe to the stock was consequently unimpaired. The fact that the branch through Callaway County was located, and the subscription of that county received, before Howard County made its subscription, is unimportant in this case, because the line through Callaway County was located as a branch, while that through Howard County was designated in express terms as the main line. If either part of the road was built under new authority conferred on the company by the act of 1868, it certainly was not the main line as located. The power to build the main line was clearly conferred by the act of 1859.

It follows that the judgment of the Circuit Court was right, and it is consequently

*Affirmed.*